UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JESSE STEWART,
    Plaintiff,

vs.                                                                               05-4033

LEONARD HUNKINS, et. al.,
    Defendants.

## ORDER GRANTING SUMMARY JUDGMENT

This cause is before the court for consideration of the defendants' motions for summary judgement. [d/e 15, 19, 26] The plaintiff was notified that the defendants had filed dispostive motions and that he must file a response. [d/e 18, 21, 28]. Nonetheless, the plaintiff has failed to respond to any of the motions, so the dispositive motions will be considered without input from the plaintiff.

## I. BACKGROUND

The plaintiff, Jesse Stewart, brought this action pursuant to 42 U.S.C. §1983 alleging that his constitutional rights were violated by five defendants including: Parole Agents Leonard Hunkins, Mitch Blackert and Clinton Elmore; Prisoner Review Board Member Jorge Montes and Correctional Officer K. Pork. After a merit review hearing, the court determined that the plaintiff was alleging that:

> 1) the defendants violated the plaintiff's due process rights when he was charged with a parole violation based on known false information;
> 2) the defendants violated the plaintiff's due process rights when he was not allowed a hearing on the alleged parole violations;
> 3) the defendants conspired to write the false parole violation report;
> 4) the defendants wrote the false report in retaliation for the plaintiff's refusal to aid in a task force investigation; and
> 5) the defendants falsely arrested the plaintiff on the parole violation claim. *See* May 2, 2005 Court Order.

The claims are against the defendants in their individual capacities only.

## II. FACTS

The following facts are taken from the defendants' statement of undisputed facts and exhibits provided by the defendants.

The plaintiff previously filed a Complaint of Mandamus Relief in Sangamon County, Case No.05-MR-01 on January 3, 2005 against Defendants Hunkins, Blackert, Montes and

Elmore.  The plaintiff alleged that Defendant Hunkins filed a false Parole Violation Report which deprived the plaintiff of his due process and equal protection rights.  A hearing was held in Sangamon County before Judge Leslie Graves and the plaintiff's case was dismissed.

### III. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56c.  A "material fact" is one that "might affect the outcome of the suit."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A dispute is genuine only if a reasonable jury could find for the nonmoving party.  *Id.*

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence.  *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 153 (1970);  *Schroeder v. Barth, Inc.,* 969 F.2d 421, 423 (7th Cir. 1992).  A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position.  *Tolle v. Carroll Touch, Inc.,* 23 F.3d 174, 178 (7th Cir. 1994).  The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255.  Nonetheless, "(s)ummary judgement is not a discretionary remedy.  If the plaintiff lacks enough evidence, summary judgement must be granted." *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir. 1994).

### IV.  ANALYSIS

The defendants argue that the plaintiff's federal §1983 lawsuit is barred by the doctrine of *res judicata.* "It is a well-established rule that *res judicata* bars parties or their privies from litigating not only matters that in fact were raised and decided in an earlier suit involving the same cause of action and the same parties, but also all other matters that could have been raised in the earlier suit." *Hagee v City of Evanston,* 729 F.2d 510,512 (7th Cir. 1984) citations omitted. "[A] party may not maintain two suits based on the same set of facts simply by altering the claim for relief from one suit to the next."*Id.* at 514.

The plaintiff has presented no evidence to the court to refute that he did in fact raise the same issues in the Sangamon County lawsuit.  Therefore, the motions for summary judgement are granted.

**IT IS THEREFORE ORDERED that:**

   1. **The defendants' motions for summary judgment are granted [d/e 15, 19, 26]. The clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed. R. Civ. P. 56.  All pending motions are denied as moot [d/e 29], and this case is terminated, with the parties to bear their own costs.**

   2. **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal**

   with this court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal.  *See* Fed. R. App. P. 24(a)(1)©.  If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal.  Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

3. The agency having custody of the Plaintiff is directed to remit the docketing fee of $250.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $250.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $250.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $250.00.

4. The plaintiff is responsible for ensuring the $250.00 filing fee is paid to the clerk of the court even though his case has been dismissed.  Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full.  The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.

Enter this 25th day of June, 2007.


                           s\Harold A. Baker
   _____
                           HAROLD A. BAKER
                     UNITED STATES DISTRICT JUDGE